WELLS, Justice,
concurring and dissenting.
I concur in the majority’s decision affirming Larkins’ convictions. I dissent in the decision to reverse and remand for resen-tencing because the majority extends the *102 decision in Campbell v. State, 571 So.2d 415 (Fla.1990). In Campbell, this Court required the trial court to “evaluate in its written order each mitigating circumstance proposed by the defendant." Id. at 419 (emphasis added). The following occurred in this sentencing proceeding:
THE COURT: Okay. Thank you.
Mr. Aleott, do you wish to be heard now on the existence of mitigating circumstances that were brought before the jury or before the Court at the sentencing?
MR. ALCOTT: Your Honor, only to argue to the Court that in terms of the Court making the decision as to what to impose in this case, whether to override that recommendation or whether to follow it, I would ask the Court to consider Dr. Dee’s very persuasive testimony, and not rebutted by any experts on behalf of the State, that Mr. Larkins suffers from organic brain disorder, which causes him to not have full control of his emotions and his actions. And that mitigating factor is certainly not rebutted in any extra testimonial way from the State’s position.
And that should — Also the Court should take into consideration that while there was evidence of a prior violent felony that it was not a first degree murder or even a second degree murder, but in fact a manslaughter which is, although the death of a human being is involved, it’s not as a result of a reckless disregard for life or intentional taking of life.
And I think when you consider that weight against the testimony of Dr. Dee the Court should impose a life sentence.
THE COURT: Thank you, sir.
Based upon this contention in the sentencing proceeding, the trial judge wrote in his order:
The defense presented the testimony of Dr. Henry L. Dee, a psychologist who has offered expert testimony in numerous proceedings in this circuit and throughout this country. In essence, Dr. Dee is of the opinion that the defendant suffers from organic brain damage and because of this condition, the stresses of the circumstances inside the Circle K during the commission of the robbery somehow caused, or contributed to causing, the defendant to fire his semi-automatic weapon at the victim, resulting in her death. However, Dr. Dee does not believe that this condition is of such a nature that the defendant lacked the capacity to appreciate the criminality of his act or to conform his conduct to the requirements of law.
Viewing Dr. Dee’s testimony in the light most favorable to the defendant the Court finds and determines that this mitigating circumstance is substantially outweighed by either aggravating circumstance. Since no other mitigating circumstance can be gleaned from the record, the imposition of the death penalty is the appropriate sanction for the offense of First Degree Murder.
The trial judge’s order was not an expansive discussion of the sentencing proceedings, nor was it as artfully written as others which I have reviewed. Through judicial education courses hopefully the form to be used in these orders will be disseminated to all judges who try these eases so that we have better and more uniform sentencing orders. However, it is incorrect to say that this trial judge did not evaluate what the defendant proposed in the sentencing proceedings.
The effect of the majority’s opinion not only grades the trial judge’s order, but expands what the defendant proposes to a requirement that the trial judge go through the record and set forth in the written order and evaluation what the defendant proposes through counsel as well as what is contained in the record testimony of the defendant’s witnesses. This additional requirement of the trial judge will result in still another procedural impairment of finality. What is sacrificed is a just result in this case. Further sacrificed is the legislative intent that there be a reduction in the delay resulting from court procedures between a capital murder conviction and the execution of a capital sentence.